# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ROY DANIEL MORAGA, | Case No. 3:22-cv-00013-RCJ-CSD |
| Petitioner, | |
| v. | **ORDER** |
| PERRY RUSSELL, *et al.*, | |
| Respondents. | |

Petitioner Roy Daniel Moraga, a Nevada state prisoner, has filed a motion for reconsideration (ECF No. 7) of the order and judgment dismissing his petition under 28 U.S.C. § 2254 (ECF No. 4). He has also filed a motion for appointment of counsel (ECF No. 8). Moraga asks this Court to reconsider dismissal of his petition claiming (1) this Court erred in dismissing his petition as a second or successive petition as the petition challenges his sentence and not the judgment, and (2) the magistrate judge assigned to this matter should have recused himself. (ECF No. 7.) For the following reasons, the Court will deny the motions.

"[A] federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the initial petition, . . . and if the petition challenges the same state court judgment as the initial petition." *See Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018). A challenge to a sentence "seeks a prisoner's 'release'" and therefore necessarily seeks invalidation of the judgment authorizing the prisoner's confinement. *See Wilkinson v. Dotson*, 544 U.S. 74, 83 (2005); *accord Gonzalez v. Sherman*, 873 F.3d 763, 768 (9th Cir. 2017) (noting that when a petitioner receives a new sentence and challenges that new sentence, his petition is not second or successive because he is challenging a new judgment by which he is being incarcerated) (relying on *Magwood v. Patterson*, 561 U.S. 320, 332 (2010)). Under 28 U.S.C. § 2244(b)(3), before a second or successive petition is filed in the federal district court, a petitioner must move in the court of appeals for an order authorizing the district court to consider the petition. A federal district

court does not have jurisdiction to entertain a successive petition absent such permission. *Brown*, 889 F.3d at 667.

Moraga contends this Court erred in dismissing his petition by determining that his petition challenges the same judgment of conviction that he challenged in his prior federal habeas proceeding. (ECF No. 7.) He contends that he instead challenges the sentences imposed by that judgment. (*Id.*) This contention has no merit. Moraga's sentencing claims, including his double jeopardy claim, fall within the core of habeas corpus, which, as discussed, Moraga was required to raise when he challenged the judgment of conviction that authorizes his confinement in his initial federal habeas petition under § 2254.[1] As previously explained, this Court lacks jurisdiction to entertain his second or successive petition under § 2254 without permission from the Circuit Court of Appeals. (ECF No. 4) As Moraga has not shown that he sought or obtained such permission from the Circuit Court of Appeals, there is no basis to reconsider the dismissal order.

There is also no basis to reconsider the order dismissing the petition based on Moraga's claim that the magistrate judge assigned to this action was required to disqualify or recuse himself.

"[I]n the absence of a legitimate reason to recuse" himself, "a judge should participate in cases assigned." *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (citations omitted). Under 28 U.S.C. § 455, a magistrate court judge shall disqualify himself "in any proceeding in which [the judge's] impartiality might reasonably be questioned" and "[w]here [the judge] has a personal bias or prejudice concerning a party." According to 28 U.S.C. § 144, if a party to any district court proceeding "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party," the judge "shall proceed no further therein," and "another judge shall be assigned to hear" the proceeding. An affidavit in support of a motion for recusal under § 144, "shall state the facts and the reasons for the belief that bias or prejudice exists." 28 U.S.C. § 144.

Under § 144, the determination of the sufficiency of facts and reasons given in an affidavit of bias or prejudice must be made by the judge to whom the affidavit is presented. *See U.S. v.*

---

[1] Neither Moraga nor the state court records indicate Moraga's claims are based on a judgment that is different than the judgment Moraga challenged in his prior federal habeas proceedings. (*See* ECF No. 4 at 1, n.1.)

2

*Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978); *Grimes v. U.S.*, 396 F.2d 331, 333 (9th Cir. 1968) (citing *Berger v. United States*, 255 U.S. 22, 36 (1922)). The judge must accept the truth of the factual assertions in the affidavit and determine only whether the affidavit is legally sufficient. *See Azhocar*, 581 F.2d at 739. Under §§ 144 and 455, the substantive standard is, "[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez,* 109 F.3d 1450, 1453 (9th Cir. 1997) (brackets and internal quotation marks omitted). Allegations of bias and prejudice based on adverse rulings do not constitute a sufficient basis for recusal. *United States v. McTiernan*, 695 F.3d 882, 893 (9th Cir. 2012) (A "judge's prior adverse ruling is not sufficient cause for recusal.") (citing *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993)); *Azhocar*, 581 F.2d at 739 (noting adverse rulings do not constitute the requisite bias or prejudice required to recuse a judge.) (citations omitted).

Moraga's affidavit fails to state facts sufficient to establish a basis upon which a reasonable person with knowledge of all the facts would conclude the magistrate judge's impartiality might reasonably be questioned or that the magistrate judge has a personal bias or prejudice against Moraga or in favor of any other party based on the magistrate judge's assignment to Moraga's civil rights action. Moraga has failed to present sufficient facts to warrant reconsideration of the order dismissing the petition on the basis that the assigned magistrate judge was required to recuse himself in this action.

**IT IS THEREFORE ORDERED**:

1. Moraga's motion for consideration (ECF No. 7) is DENIED.

2. Moraga's motion or appointment of counsel (ECF No. 8) is DENIED as moot.

DATED this 2nd day of November 2022.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE